Nash, C. J.
 

 Advancements are gifts of money or other property made by a parent for the preferment or settlement of a child in life. It is not denied that this case presents an instance of one, and the only contest is, of what did it consist? The ne-
 
 *227
 
 groes in question belonged to Martin Howard, and the testator had, by parol, given to his son, the defendant, a tract of land. It was proposed by the testator to Howard, that an exchange should take place between him, Howard and the defendant; and if he, Howard, would convey the negroes to the defendant, that he the testator, would convey to him the land which he' had put into the possession of his son. This was accordingly done by the mutual execution of deeds ; and the sole question is, was the land an advancement, or were the negroes. We are of opinion that the latter were. From the whole transaction, we consider the negroes as having in truth been purchased by the testator, and by him given to the defendant. The land which constituted the consideration for the purchase of the slaves, belonged to the testator; for though he had put the defendant in possession of it, the legal title was still in him. When therefore, the exchange took place between the defendant and Martin Howard, the defendant paid for the slaves, or rather
 
 gave
 
 in exchange
 
 for them
 
 the property of his father, the testator — it is true with his consent and approbation. If before the exchange, the testator had conveyed the land to the defendant, then indeed the case would have been altered, and the consideration for the slaves would have moved from the defendant, as he would have given his own property for them. Whether thé testator paid for the slaves in
 
 money
 
 or land can certainly make no difference in the application of the principle. In
 
 Meadows
 
 v.
 
 Meadows,
 
 11 Ire., 148, which involved the question of advancement, his Honor, the late Chief Justice, in delivering the opinion of the Court, observes—
 
 “
 
 It might be very different if the son did not profess to own the slaves, and not to sell them as his, but only under the authority of tire father, and to ask for the assent of the father,
 
 as necessary to complete the sale.
 
 Then indeed, it would be substantially the sale of the father, and his gift, not of the slaves, but of the money.” Here the first proposition for the exchange was made by the father, and the title to the land to Howard made by him ; and the son, the defendant, did riot pretend that the land belonged to him. It is, therefore, very plain to us that under the law and the principle recognised in the case of
 
 Meadoios,
 
 the negroes constituted in this case the advancement, and that the advance
 
 *228
 
 ment is the value of the negroes, deducting therefrom the seventy-five dollars advanced by the defendant, and constituting a portion of the consideration given for them.
 

 Other questions are presented by the record. The first is as to the effect of a widow’s dissent from her husband’s will upon her share of his personal estate. This question is settled by the case of
 
 Hunter
 
 v.
 
 Husted,
 
 1 Busbee’s Eq., 97. In that case it is true, the Court were divided in opinion ; and upon a review of its principles, we see no cause to depart from it — a majority of the then Court being still on the bench. In deciding this case, there is no diversity of opinion. We adhere to the doctrine then declared, that where a widow dissents from her husband’s will, ‘‘her share is to be ascertained as if the husband had died intestate ;’ ’ and of course, advancements made to the children must be brought into
 
 hotchpot.
 
 The other questions are settled by the same case.
 

 The judgment of the Court below was erroneous. It is therefore reversed, and judgment given for tire plaintiff.
 

 PeR Curiam, Judgment accordingly.